IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16CR096 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT J. JOHNSON, aka "Pop", | ) | |
| | ) | GOVERNMENT'S PROPOSED |
| Defendant. | ) | <u>VOIR DIRE</u> |

The United States of America submits the following proposed questions for inclusion in the Court's voir dire of the jury in this case.  In addition to the specific questions identified in Schedules A and B below, the government requests the Court ascertain the following general background information from each juror:

    1.       His/her occupation;

    2.       His/her marital status;

    3.       The occupation of the prospective juror's spouse;

    4.       Whether the prospective juror has any children;

    5.       The ages and occupations(s) of such children.

## SCHEDULE A

### General Voir Dire Questions

1. Do you know the defendant, ROBERT J. JOHNSON, aka "Pop", or any members of his family?

2. The defendant, ROBERT J. JOHNSON, aka "Pop", is represented by Fernando O. Mack. Do you know his attorneys or members of their families?

3. The government is represented by Assistant United States Attorneys Matthew J. Cronin and Vasile C. Katsaros.  Do you know these individual or member of their families?

4. Do you know any of the partners or law associates of any of the attorneys?

5. Have you or any member of your household been a party, either plaintiff or defendant, in a civil case that has been filed in the course of the past ten years?

6. Have you ever served on a grand jury?

7. Have you or any member of your family ever been indicted by a grand jury?

8. Have you or any member of your family or a close friend ever been arrested or convicted of any crime other than a traffic offense?
   a. If yes, provide the details.

   b. If yes, did you feel you or your family member or close friend was treated fairly by the police or prosecutor?

   c. Would the prior experience with the criminal justice system affect your ability to be fair and impartial in this case?

9. Have you or any member of your family ever been the victim of a crime?

10. Have you ever been a witness in a criminal case?

11. Have you ever served on a petit jury?

    (a) was it a civil or criminal case?

    (b) did you participate in jury deliberations resulting in a verdict?

12. Have you, your close friends, or relatives, ever been involved in a case or dispute with the United States government or any agency thereof in which a claim was made against the government or in which the government has made a claim against you, a close friend, or relative?

13. Have you or any relative or close friend ever maintained employment with:

    (a) any law enforcement agency; or

    (b) any other agency or department of the United States of America?

14. Would you judge the credibility of law enforcement officers, or other government witnesses, by the same standards that you would apply to any other witnesses?

15. The Court instructs you that an indictment is not evidence.  Would you regard an indictment as evidence or as an inference of guilt?

16. Do you have a hearing or sight problem that would interfere with your ability to see or hear the witnesses or to hear any audio recordings presented in this case?

17. Are you on any medication that would impair your ability to concentrate on the testimony, the arguments of counsel or the instructions of the court?

18. Do you have a health problem that would impair your ability to give this case your complete attention?

19. Does any member of your immediate family have a health problem that would impair your ability fully to concentrate on the testimony of this case?

20. Do you have any beliefs, whether personal, moral, or religious, that is of such a nature that you would not be comfortable sitting in judgment of another's guilt or innocence?

21. Do you know of any reason why you would be biased or assert prejudice or sympathy in this case?

22. Do you know of any reason why you cannot serve as a fair and impartial juror?

## Case Specific Questions

### Experience with the Investigating Agencies

23. You may hear testimony in this case from law enforcement officers and government employees:  specifically, officers and detectives with Cleveland Police Department ("CPD").  Do you have any beliefs about, experience with, or opinion regarding CPD, or law enforcement officials in general, that would make it in any way difficult for you to be a fair and impartial juror in this case?  Have you ever had any unpleasant experience with law enforcement officers?

24. Would you be unable to return a verdict of guilty in a trial with testimony from individuals from any of these agencies?

**Narcotics**

25. Does the fact that the defendant is charged with crimes involving the distribution of fentanyl cause any of you to have any reservations about sitting as a juror in this case?

26. Do you find the personal use of fentanyl or any other drugs acceptable?

27. Do you believe that fentanyl or other drugs should be legalized?

28. Have you or any of your close friends or relatives ever (a) been addicted, (b) been hospitalized, (c) participated in a treatment or counseling program due to the usage of any illegal substances, or (d) died from the use of illegal drugs?

29. Does anyone believe that individuals who sell illegal drugs should not be held responsible for the harm they cause to their drug customers?  In other words, do you believe that since the customer has assumed the risk of ingesting the drug, the dealer is not responsible for any harm or death that may result from the use.

30. If the court instructs you that the dealer can be held responsible if the drugs sold were the cause of the harm or death can you follow that instruction?

**Television, Newspapers, and Magazines**

31. Prior to coming to court today, were you aware of this case?

32. Had you learned of the case through any media reports on television, radio, or in the newspaper?

33. Would your familiarity with the case through news reports impact your ability to be a fair and impartial juror?

34. Knowing what you have heard about the case, could you put that information aside and consider only the evidence admitted at trial?

## SCHEDULE B

1. A defendant is presumed to be not guilty.  Will you presume this defendant to be not guilty unless and until the government proves guilt?

2. The government must prove each and every element of a crime beyond a reasonable doubt before you may return a verdict of guilty.  Will you require the government to prove guilt beyond a reasonable doubt in this case?

3. The law does not require that a defendant prove that he is not guilty.  Will you apply the rule of law that does not require a defendant to prove his innocence?

4. Are you willing to confine your deliberations to the evidence in this case as presented in the courtroom?

5. There are two kind of evidence: direct and circumstantial. Direct evidence is evidence you actually observe, such as, me speaking to you right now. Circumstantial evidence is evidence information you infer based on common human experience. Examples of circumstantial evidence include concluding that someone had walked along a beach when you see human footprints in the sand or that it had snowed while you were sleeping as you awoke to snow on the ground when none was there the night before. The law considers direct and circumstantial evidence to have equal weight.

   a. Does anyone disagree with the notion that direct and circumstantial evidence are regarded in the eyes of the law to have equal weight?

   b. Is there anyone who would dismiss or discount circumstantial evidence simply because of its status as circumstantial evidence?

   c. Will each of you follow the Court's instruction that direct and circumstantial evidence to have equal weight?

6. Are you willing to apply the court's instructions as to the law and not substitute any ideas or notions of your own as to what you think the law should be?

7. Are you willing to wait until all the evidence has been presented and the court has instructed you on all the applicable law before coming to any conclusion with respect to charges contained in the indictment?

8. In your deliberations are you willing to abide by your convictions and not agree with other jurors solely for the sake of being congenial, if you are convinced that the opinions of other jurors are not correct?

                Respectfully submitted,

                CAROLE S. RENDON
                United States Attorney

By:    s/Matthew J. Cronin
        Matthew J. Cronin (VA: 80267)
        Vasile C. Katsaros (OH: 0067386)
        Assistant United States Attorney
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3955
        (216) 522-7499 (facsimile)
        Matthew.Cronin@usdoj.gov
        Vasile.Katsaros@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 1, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                 s/Matthew J. Cronin
                 Matthew J. Cronin
                 Assistant U.S. Attorney