IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:16CR96 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| ROBERT J. JOHNSON | ) | |
| | ) | |
| Defendant | ) | DEFENDANT'S TRIAL BRIEF |
| | ) | |
| | ) | |

Now comes Defendant Robert Johnson ("Johnson" or "Defendant"), through undersigned counsel, and submits the following trial brief.

                                                Respectfully submitted,

                                                */s/ Fernando O. Mack*
                                                **FERNANDO MACK (#0062937)**
                                                1220 West 6th Street
                                                The Bradley Building, Suite 203
                                                Cleveland, Ohio 44113
                                                (216) 556-9610
                                                (855) 320-8107 Fax
                                                losmacks@msn.com
                                                ***Attorney for Robert J. Johnson***

**Anticipated Legal Issues**

In its trial brief, the government identifies the following legal issues that may arise during trial:

    I.      Death Resulting Jury Instruction
    II.     Proximate Cause is Not a Defense
    III.    Government's Proposed Expert Testimony
    IV.    Defendant's Proposed Expert Testimony
    V.     Introduction of Victim Photos
    VI.    Use of "Inextricably Intertwined" or otherwise Essential *Res Gestae* Evidence
    VII.   Defendant Cannot Attempt Jury Nullification
    VIII.  Summary Exhibits
    IX.    Government Representative and Separation of Witnesses

Defendant agrees that those are the issues likely to arise, and responds as follows –

I, II.    Death Resulting Jury Instruction & Proximate Causation

Defendant is in agreement with the government's proposed jury instruction, except for its assertion that "The government is not required to prove that the defendant intended to cause the death of [the victim] or that his or her death was foreseeable by the defendant or by others." Government's Trial Brief, p. 4. Defendant proposes that the following instruction be given on the issue of whether the victim's death resulted from the alleged fentanyl distribution –

**Death Resulting from Use of Controlled Substance**

Count 1 of the indictment further alleged that death resulted from defendant's distribution of fentanyl:

> On or about August 25, 2015, in Cleveland, Ohio, IND-1, a person whose identity is known to the grant jury, did fatally ingest and overdose on a controlled substance, namely fentanyl, which ROBERT J. JOHNSON, aka "Pop", had distributed to IND-1. As a result of ROBERT J. JOHNSON, aka "Pop"'s distribution of fentanyl alleged in Count 1, death or serious bodily injury did result from the use of fentanyl, a Schedule II controlled substance,

> in violation of the enhanced penalty provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

In order to find for the government on this question, the government must prove the additional element that the defendant's conduct resulted in death. In order to establish that the drugs distributed by defendant resulted in the death of [the victim], the government must prove that [the victim] died as a consequence of his or her use of the drugs that the defendant distributed on or about the dates alleged in the indictment. This means that the government must prove beyond a reasonable doubt that but for the use of the drugs that the defendant distributed, [the victim] would not have died. The government must also prove beyond a reasonable doubt that the death of [the victim] was the natural and foreseeable result of the defendant's actions.

**Authority:** Sand, Siffert, Laughlin and Reiss, Modern Federal Jury Instructions, Vol. 3, Section 56.01 Instruction 56-12.1; Fifth Circuit Pattern Criminal Jury Instructions, 2015 Edition, Section 2.93; Tenth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 2.85; 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 64:03 (6th ed. 2015); Burrage v. United States, ___ U.S. ___, 134 S. Ct. 881, 887 (2014); *United States v. Martinez*, 588 F.3d 301, 318 (6th Cir. 2009).

The difference between the parties' versions of this instruction is of course the issue of proximate causation. The government asserts that proximate cause is not an essential element of a § 841(b)(1)(C) enhancement, but the issue seems to be unresolved. It points to the *Burrage* decision in claiming that "the Supreme Court noted the two types of causation – but for and proximate cause – and expressly declined to impute proximate causation onto 21 U.S.C. § 841(b)(1)(C)." Government's Trial Brief p. 4. This is not accurate. The Court in *Burrage* did not go so far as to address the issue of proximate causation because it did not first find that actual causation was present. It noted that –

> The law has long considered causation a hybrid concept, consisting of two constituent parts: actual cause and legal cause. H. Hart & A. Honoré, Causation in the Law 104 (1959). When a crime requires "not merely conduct but also a specified result of

> conduct," a defendant generally may not be convicted unless his conduct is "both (1) the actual cause, and (2) the `legal' cause (often called the 'proximate cause') of the result." 1 W. LaFave, Substantive Criminal Law § 6.4(a), pp. 464-466 (2d ed. 2003) (hereinafter La-Fave); see also ALI, Model Penal Code § 2.03, p. 25 (1985). Those two categories roughly coincide with the two questions on which we granted certiorari. We find it necessary to decide only the first: whether the use of heroin was the actual cause of Banka's death in the sense that § 841(b)(1)(C) requires.

*Burrage v. United States*, 134 S. Ct. at 887.  In other words, the Court did not decide whether the government must prove proximate causation in the context of a case involving a § 841(b)(1)(C) enhancement.

The government cites only to *United States v. Burkholder*, 816 F.3d 607 (10th Cir. 2016) in support of its contention that "results in" means *only* but-for causation.  *Burkholder* is, of course, not binding on this Court.  And while other circuit courts have found that proof of only but-for causation is required,[1] the Sixth Circuit does not appear to have addressed the issue.  However, in an analogous case, the Sixth Circuit did find proof of proximate cause necessary.  In *US v. Martinez*, 588 F. 3d 301 (2009), the court dealt with a penalty enhancement for the charge of Health Care Fraud Resulting in Death (18 U.S.C. § 1347(2)).  The court found that "proximate cause is the appropriate standard to apply in determining whether a health care fraud violation 'results in death.'"  *Martinez* at 318.  There is no meaningful distinction to be made between a health care fraud violation resulting in death and an alleged drug distribution resulting in death.  Defendant therefore asks this Court to give his proposed instruction and allow him to argue that the Government must show actual *and* proximate causation in order for the jury to find the § 841(b)(1)(C) enhancement proven beyond a reasonable doubt.

---

1  See, e.g. *United States v. Webb*, 655 F. 3d 1238 (11th Cir.2011); *United States v. De La Cruz,* 514 F.3d 121 (1st Cir.2008); *United States v. Houston,* 406 F.3d 1121 (9th Cir.2005); *United States v. McIntosh,* 236 F.3d 968 (8th Cir.2001); *United States v. Robinson,* 167 F.3d 824 (3d Cir.1999); *United States v. Patterson,* 38 F.3d 139 (4th Cir.1994).

III, IV. Proposed Expert Testimony

As noted in his previously-filed *Motion in Limine*, Defendant objects to the government offering the expert testimony of Joan Papp on the grounds that the government did not make a timely disclosure.

As to Defendant's proposed expert testimony, he anticipates calling the following expert witnesses during trial –

1. Robert J. Belloto, Jr., R.Ph., M.S. (stats), Ph.D., CGP, BCPS, FASCP: Dr. Belloto will testify as to his knowledge of fentanyl and antimortem/postmortem concentrations of the drug in the human body.

2. Benjamin Corpus: Corpus will testify as a toxicologist as to the effects of an overdose amount of fentanyl, and whether the amounts present in the victim in this case could have caused her death.

### Estimated Trial Length

Defendant agrees with the government's estimate of a maximum trial duration of three days.

### Voir Dire

Defendant will have filed his proposed voir dire questions by the date of the final pretrial.

### Stipulations

There are no stipulations.

### Jury Instructions

Defendant is in agreement with the government's proposed jury instructions, with the exception of No. 13, which relates to the "death resulting from" issue.  Defendant is proposing the instruction as noted above, and is filing the proposed instruction separately.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was filed with the Court via its Electronic Filing System on December 5, 2016; a copy will be transmitted to all parties by operation of the system.

>    */s/ Fernando O. Mack*
>    FERNANDO O. MACK
>    *Attorney for Defendant*